NATHAN CLARK
NAME
H57779
PRISON IDENTIFICATION/BOOKING NO.
P.O BOX 5004, CALIPATRIA, CA.
ADDRESS OR PLACE OF CONFINEMENT          92233

FILED
2008 JUN -4 AM II: 16

| Note: | It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his name, address, telephone and facsimile numbers, and e-mail address. |
|---|---|

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

NATHAN CLARK

FULL NAME (Include name under which you were convicted)
                                                    Petitioner,

v.

L.E SCRIBINER

NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER
                                                    Respondent.

CASE NUMBER:
CV  **08 - 3 6 3 4 - ODW (CW)**
To be supplied by the Clerk of the United States District Court

☐ _____ AMENDED

### PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION _____
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number)
CV _____
CV _____

### INSTRUCTIONS - PLEASE READ CAREFULLY

1.  To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2.  In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.

3.  Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5.  You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

5.  You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

6.  When you have completed the form, send the original and two copies to the following address:
     Clerk of the United States District Court for the Central District of California
     United States Courthouse
     ATTN: Intake/Docket Section
     312 North Spring Street
     Los Angeles, California 90012

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1. ☒ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

## PETITION

1. Venue
   a. Place of detention     CALIPATRIA STATE PRISON
   b. Place of conviction and sentence     L·A COUNTY, TORRANCE COURT

2. Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).
   a. Nature of offenses involved (*include all counts*):     P·C 211 , 12021(a)

   b. Penal or other code section or sections:     12022·5

   c. Case number:     YA022456
   d. Date of conviction:     JULY 25, 1995
   e. Date of sentence:     AUGUST 8, 1995
   f. Length of sentence on each count:     20 YEARS AND 4 MONTHS

   g. Plea (*check one*):
      ☒ Not guilty
      ☐ Guilty
      ☐ Nolo contendere

   h. Kind of trial (*check one*):
      ☒ Jury
      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?     ☒ Yes   ☐ No
   If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):
   a. Case number:     B096028
   b. Grounds raised (*list each*):
      (1) IMPOSITION OF BOTH SENTENCES FOR TWO ROBBERIES & FELON W/GUN
      CONSTITUTED IMPROPER MULTIPLE PUNISHMENT PROHIBITED BY P·C 654

(2) THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING AN UPPER TERM FIREARM USE ENHANCEMENT TO REACH PREDETERMIND SENTENCE LENGTH

(3) THE STAYED PRIOR PRISON SENTENCE ENHANCEMENT MUST BE STRICKEN

(4) THE TRIAL COURT HAD THE POWER TO STRIKE THE PRIOR CONVICTION

c. Date of decision: FEB. 19, 1997

d. Result AS MODIFIED AND AFFIRMED

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision? ☒ Yes ☐ No

If so give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

a. Case number: S060124

b. Grounds raised *(list each)*:

(1) THE ROMERO ISSUE WHEATHER THE CASE SHOULD BE REMANDED TO SENTENCING COURT TO RESOLVE A CONFLICT REGARDING THE APLICATION OF P.C 654

c. Date of decision: MAY 14, 1997

d. Result DENIED W/OUT PREJUDICE

5. If you did not appeal:

a. State your reasons _____

_____

_____

_____

b. Did you seek permission to file a late appeal? ☐ Yes ☐ No

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

☒ Yes ☐ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

---

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)

a.  (1) Name of court: CALIFORNIA SUPREME COURT

(2) Case number: S157568

(3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): _____

(4) Grounds raised (list each):

(a) APPELLANT COURT ABUSED ITS DISCRETION BY MODIFING AND REINSTATING, TRAIL COURTS DECISION TO STAY 2ND COUNT 12022.5, BY NOT GIVING APPELLANT HIS DUE PROCESS RIGHT TO RETURN TO COURT TO INHANCE HIS SENTENCE, A VIOLATION OF APPELANTS RIGHTS, AND ALSO RULE OF COURT, DENIAL OF RIGHT TO JURY TRAIL.

(5) Date of decision: 4-16-08

(6) Result: DENIED

(7) Was an evidentiary hearing held?    ☐ Yes  ☒ No

b.  (1) Name of court: CALIFORNIA SUPREME COURT

(2) Case number: S159896

(3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): 1-8-08

(4) Grounds raised (list each):

(a) JURY TRAIL RIGHTS WERE VIOLATED BY SENTENCING DEFENDANT PAST STATUTORY MAXIMUM, WITHOUT SUBMITTING FACTS TO JURY

(c) TRAIL COURT STATED NO REASON FOR IMPOSING UPPER TERM ON APPELLANTS GUN CHARGE

(e) _____

(f) _____

(5) Date of decision: 4-16-08

(6) Result: DENIED

(7) Was an evidentiary hearing held?    ☐ Yes  ☒ No

c.  (1) Name of court: _____

(2) Case number: _____

(3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): _____

(4) Grounds raised (list each):

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

(7) Was an evidentiary hearing held?    ☐ Yes   ☐ No

7.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the facts supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

CAUTION:  *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present all of your grounds to the California Supreme Court.

a.  Ground one: DENIAL OF RIGHT TO JURY TRAIL AND ALSO DUE PROCESS  6TH & 14TH AMENDMENT VIOLATION

(1) Supporting FACTS: DEFENDANT STARTED INITIALLY WITH A SENTENCE OF 27 YEARS AND UPON GOING TO APPEALANT COURT, DEFENDANTS 16 MONTHS STAYED, WAS STRICKEN AND REINSTATED TO RAISE HIS SENTENCE TO 28 YEARS 4 MONTHS, WITH OUT BRINGING DEFENDANT BACK TO COURT BEFORE A JUDGE TO ATTEMPT THIS SENTENCE CHANGE.

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes   ☒ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes   ☒ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☒ Yes   ☐ No

b.  Ground two: DENIAL OF RIGHT TO JURY TRAIL  6TH AMENDMENT VIOLATION

(1) Supporting FACTS: DEFENDANT WAS SENTENCED PAST STATUTORY MAXIUM AT TRIAL COURT SENTENCING ON COUNT 1's P·C 211 & ALSO COUNT 1's 12022.5 GUN ENHANCEMENT, WITH OUT FOLLOWING GUIDELINES, OF SENDING FINDINGS TO JURY TO BE PROVED BEYOND A REASONABLE DOUBT TO GO PAST STATUTORY MAXIMUM GUIDELINES A VIOLATION ALSO OF CALIFORNIAS, CUNNINGHAM RULING

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes   ☒ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes   ☒ No

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)

## STATEMENT OF FOUNDATIONAL SUPPORT

ON JANUARY 22, 2007, THE UNITED STATES SUPREME COURT STRUCK DOWN CALIFORNIA'S SENTENCING PRACTICES, THAT HAVE BEEN FOR THIRTY YEARS "CONTRARY TO, AND INVOLVED UNREASONABLE APPLICATION OF, CLEARLY ESTABLISHED FEDERAL LAW, AS DETERMINED BY THE SUPREME COURT, OF THE UNITED STATES UNDER ITS DETERMINATE SENTENCING LAW, IN CUNNINGHAM - V - CALIFORNIA (CERTIORARI # 05-6551)

THE UNITED STATES SUPREME COURT RULING ILLUMINATED THE FACT THAT DEFENDANT/APPELLANT'S SENTENCE AND ITS ENHANCEMENTS AND/OR PRIORS ARE AN UNREASONABLE AND CONTRARY TO CLEARLY ESTABLISHED UNITED STATES SUPREME COURT LAW AS STATED BY THE JUSTICE'S;

THIS COURT HAS REPEATEDLY HELD THAT UNDER THE SIXTH AMENDMENT, ANY FACT THAT EXPOSES A DEFENDANT TO A GREATER POTENTIAL SENTENCE "MUST BE FOUND BY A JURY, NOT A JUDGE, AND ESTABLISHED BEYOND A REASONABLE DOUBT, NOT MERELY BY A PREPONDERANCE OF THE EVIDENCE, WHILE THIS RULE IS ROOTED IN LONGSTANDING COMMON LAW PRACTICE, ITS EXPLICIT STATEMENT IN OUR DECISIONS IS RECENT"

SUPPORTING COURT RULES AND CASE LAW

FURTHER SUPPORT FOR THIS MOTION IS CONTAINED WITHIN BLAKELY-V WASHINGTON (2004) 542 US 296, WHERE THE COURTS HOLDING IS "BECAUSE THE FACTS SUPPORTING PETITIONERS EXCEPTIONAL SENTENCE WERE NEITHER AMITTED BY PETITIONER NOR FOUND BY A JURY, THE SENTENCE VIOLATED THE SIXTH AMENDMENT RIGHT TO TRAIL BY JURY"

THE BLAKELY COURT GOES ON TO SAY " THIS CASE REQUIRES THE COURT TO APPLY THE RULE OF APPRENDI-V-NEW JERSEY 530 US 466, 490, THAT OTHER THAN THE FACT OF A PRIOR CONVICTION ANY FACT THAT INCREASES THE PENALTY FOR A CRIME BEYOND THE PRESCRIBED STATUTORY MAXIMUM "MUST BE" SUBMITTED TO A JURY, AND PROVED BEYOND A REASONABLE DOUBT. THE RELEVANT STATUTORY MAXIMUM FOR APPRENDI PURPOSES IS THE MAXIMUM A JUDGE MAY IMPOSE BASED SOLELY ON THE FACTS REFLECTED IN THE JURY VERDICT OR ADMITTED BY THE DEFENDANT "

IN APPRENDI-V-NEW JERSEY (2000) 530 US 466 THE COURT HELD " THE CONSTITUTION REQUIRES THAT ANY FACT THAT INCREASES THE PENALTY FOR A CRIME BEYOND THE PRESCRIBED STATUTORY MAXIMUM, OTHER THAN THE FACT OF A PRIOR CONVICTION, MUST BE SUBMITTED TO A JURY AND PROVED BEYOND A REASONABLE DOUBT" THE APPRENDI COURT STATES "(9) THE ANSWER TO THE NARROW CONSTITUTIONAL QUESTION, WHETHER APPRENDI'S SENTENCE WAS PERMISSIBLE, GIVEN THAT IT EXCEEDS THE 10 YEAR MAXIMUM FOR THE OFFENSE CHARGED WAS FORESHADOWED BY THE HOLDING

7

1
2  IN _JONES - V - UNITED STATES_ (1999) 526 US 227 THAT WITH
3  REGARD TO FEDERAL LAW THE ▓▓▓ FIFTH AMENDMENT'S DUE
4  PROCESS CLAUSE AND THE SIXTH AMENDMENT'S NOTICE AND
5  JURY TRAIL GUARANTEES REQUIRE THAT ANY FACT OTHER THAN
6  PRIOR CONVICTIONS THAT INCREASES THE MAXIMUM PENALTY
7  FOR A CRIME "_MUST BE_" CHARGED IN AN INDICTMENT SUBMITTED
8  TO A JURY, AND PROVED BEYOND A REASONABLE DOUBT. THE
9  FOURTEENTH AMENDMENT COMMANDS THE SAME ANSWER
10 WHEN A STATE STATUTE IS INVOLVED "
11 (b) THE FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS AND THE
12 SIXTH AMENDMENT RIGHT TO TRAIL BY JURY, TAKEN TOGETHER
13 ENTITLES A CRIMINAL DEFENDANT TO A JURY DETERMINATION
14 THAT HE IS GUILTY OF EVERY ELEMENT OF THE CRIME WITH
15 WHICH HE IS CHARGED, BEYOND A REASONABLE DOUBT.
16 _IN RE WINSHIP_ (1970) 397 US 358, THE HISTORICAL FOUNDATION FOR
17 THESE PRINCIPLES EXTENDS DOWN CENTURIES INTO THE COMMON LAW,
18 WHILE JUDGES IN THIS COUNTRY HAVE LONG EXERCISED DISCRETION
19 IN SENTENCING, SUCH DISCRETION IS BOND BY THE RANGE OF SENTENCING
20 OPTIONS PRESCRIBED BY THE LEGISLATURE E.G. _UNITED STATES - V - TUCKER_
21 (1972) 404 US 443. THE HISTORIC INSEPARABILITY OF VERDICT AND
22 JUDGMENT AND THE CONSISTANT LIMITATION ON JUDGES DISCRETION
23 HIGHLIGHT THE NOVELTY OF A SCHEME THAT REMOVES THE JURY
24 FROM THE DETERMINATION OF A FACT THAT EXPOSES THE DEFENDANT
25 TO A PENALTY EXCEEDING THE MAXIMUM HE COULD RECIEVE IF
26 PUNISHED ACCORDING TO THE FACTS REFLECTED IN THE JURY VERDICT ALONE.
27

1  IN JONES-V- UNITED STATES (1999) 526 U.S 227. THE COURT
2  HELD SECTION 2119 ESTABLISHES THREE SEPERATE OFFENSES
3  BY THE SPECIFICATION OF ELEMENTS, EACH OF WHICH MUST
4  BE "CHARGED BY INDICTMENT, PROVEN BEYOND A REASONABLE
5  DOUBT AND SUBMITTED TO A JURY FOR ITS VERDICT"

6
7  THE COURT IN IN RE WINSHIP (1970) 397 U.S 358 STATES
8  "THE REQUIREMENT THAT GUILT OF A CRIMINAL CHARGE BE ESTABLISHED
9  BY PROOF BEYOND A REASONABLE DOUBT DATES AT LEAST FROM OUR
10 EARLY YEARS AS A NATION. THE DEMAND FOR A HIGHER DEGREE
11 OF PERSUASION IN CRIMINAL CASES WAS RECURRENTLY EXPRESSED
12 FROM ANCIENT TIMES (THOUGH) ITS CRYSTALIZATION INTO THE
13 FORMULA "BEYOND A REASONABLE DOUBT SEEMS TO HAVE OCCURRED
14 AS LATE AS 1798. IT IS NOW ACCEPTED IN COMMON LAW
15 JURISDICTIONS AS THE MEASURE OF PERSUASION BY WHICH THE
16 PROSECUTION MUST CONVINCE THE TRIER OF ALL THE ESSENTIAL
17 ELEMENTS OF GUILT"..

18
19 THAT GUILT IN A CRIMINAL CASE "MUST BZ" PROVED BEYOND A
20 REASONABLE DOUBT AND BY EVIDENCE CONFINED TO THAT WHICH LONG
21 EXPERIENCE IN THE COMMON LAW TRADITION TO SOME EXTENT
22 EMBEDIED IN THE CONSTITUTION, HAS CRYSTALLIZED INTO RULES OF
23 EVIDENCE CONSISTANT WITH THAT STANDARD. THESE RULES ARE
24 HISTORICALLY GROUNDED, RIGHTS OF OUR SYSTEM, DEVELOPED TO
25 SAFEGUARD MEN/WOMEN FROM DUBIOUS AND UNJUST CONVICTIONS
26 WITH RESULTING FORFEITURES OF LIFE LIBERTY AND PROPERTY-
27

9

1  IN UNITED STATES -V- TUCKER (1972) 404 U.S 443 THE COURT

2  HELD "UNDER THESE CIRCUMSTANCES THE COURT OF APPEALS WAS CORRECT

3  IN REMANDING THE CASE TO THE DISTRICT COURT FOR RECONSIDERATION

4  OF THE SENTENCE IMPOSED UPON THE DEFENDANT."

5  AFTER FORREST S. TUCKER WAS BROUGHT TO TRAIL IN A FEDERAL

6  DISTRICT COURT IN CALIFORNIA UPON A CHARGE OF ARMED BANK ROBBERY

7  HE PLEADED NOT GUILTY... HE TESTIFIED IN HIS OWN BEHALF DENYING

8  PARTICIPATION IN THE ROBBERY AND OFFERING AN ALIBI DEFENSE, TO

9  IMPEACH THE CREDIBILITY OF HIS TESTIMONY, THE PROSECUTION WAS

10  PERMITTED ON CROSS EXAMINATION TO ASK HIM WHEATHER HE HAD

11  PREVIOUSLY BEEN CONVICTED OF ANY FELONIES, HE ACKNOWLEDGED

12  THREE PREVIOUS FELONY CONVICTIONS, ONE IN FLORIDA IN 1938, ANOTHER

13  IN LOUISIANA IN 1946, AND A THIRD IN FLORIDA IN 1950. AT THE

14  CONCLUSION OF THE TRIAL THE JURY RETURNED A VERDICT OF GUILTY.

15  IN THE ENSUING SENTENCING PROCEEDING THE DISTRICT JUDGE

16  CONDUCTED AN INQUIRY INTO THE RESPONDENDENT'S BACKGROUND, AND

17  THE RECORD SHOWS, GAVE EXPLICIT ATTENTION TO THE THREE

18  PREVIOUS FELONY CONVICTIONS THE RESPONDENT HAD ACKNOWLEDGED

19  THE JUDGE THEN SENTENCED HIM TO SERVE 25 YEARS IN PRISON

20  THE MAXIMUM TERM AUTHORIZED BY THE APPLICABLE FEDERAL

21  STATUTE.

22  SEVERAL YEARS LATER IT WAS CONCLUSIVELY DETERMINED

23  THAT THE RESPONDANT'S 1938 CONVICTION IN FLORIDA AND HIS

24  1946 CONVICTION IN LOUISIANA WERE CONSTITUTIONAL INVALID. THIS

25  DETERMINATION WAS MADE BY THE SUPERIOR COURT OF ALAMEDA COUNTY

26  CALIFORNIA UPON THAT COURT'S FINDING IN A COLLATERAL PROCEEDING

27

1  THAT THOSE CONVICTIONS HAD RESULTED FROM PROCEEDINGS IN
2  WHICH THE RESPONDENT HAD BEEN UNREPRESENTED BY COUNSEL
3  AND THAT HE HAD BEEN NEITHER ADVISED OF HIS RIGHT TO ~~LEGAL~~
4  LEGAL ASSISTANCE NOR DID HE INTELLIGENTLY AND UNDERSTANDINGLY
5  WAIVE HIS RIGHT TO THE ASSISTANCE OF COUNSEL.
6
7  IT IS ABSOLUTELY CLEAR AT THIS POINT THAT DEFENDANT/APPELLANT'S
8  SENTENCING RIGHTS WERE PROTECTED, AND THE TRIAL JUDGE'S
9  DISCRETION WAS GOVERNED BY CLEARLY ESTABLISHED UNITED STATES
10 SUPREME COURT LAW AS FAR BACK AS 1970 WITH IN RE WINSHIP
11 ESTABLISHING THAT A DEFENDANT "MUST BE" CONVICTED OF EVERY
12 ELEMENT CHARGED FOR THE CONVICTION TO BE VALID, AND THUS
13 FOR THE SENTENCE TO BE CONSTITUTIONALLY VALID. DEFENDANT/APPELLANT
14 ROUNDS OFF HIS SUPPORTING LAW WITH THE WORDS OF JAN. 22, 2007
15 UNITED STATES SUPREME COURT DECISION IN CUNNINGHAM -V-
16 CALIFORNIA WHO STATES THE FOLLOWING WITHIN ITS CERTIORARI
17 OPINION.
18
19 THE UNITED STATES SUPREME COURT IN CUNNINGHAM -V- CALIFORNIA
20 (CERTIORARI # 05-6551) HELD " THE DSL (DETERMINATE
21 SENTENCING LAW) BY PLACING SENTENCE - ELEVATING
22 FACTFINDING WITHIN THE JUDGE'S PROVINCE, VIOLATES A DEFENDANT
23 RIGHT TO TRIAL BY JURY SAFEGUARDED BY THE SIXTH AND
24 FOURTEENTH AMENDMENTS
25 THE COURT WENT ON TO SAY (A) IN APPRENDI -V- NEW JERSEY
26 THIS COURT HELD THAT, UNDER THE SIXTH AMENDMENT, ANY
27

11

1  FACT (OTHER THAN A PRIOR CONVICTION) THAT EXPOSES A DEFENDANT
2  TO A SENTENCE IN EXCESS OF THE RELEVANT STATUTORY MAXIMUM
3  "MUST BE" FOUND BY A JURY, NOT A JUDGE, AND ESTABLISHED
4  BEYOND A REASONABLE DOUBT NOT MERELY BY A PREPONDERANCE
5  OF THE EVIDENCE.
6  THE COURT HAS APPLIED THE RULE OF APPRENDI TO FACTS
7  SUBJECTING A DEFENDANT TO THE DEATH PENALTY RING-V-
8  ARIZONA , FACTS PERMITTING A SENTENCE IN EXCESS
9  OF THE STANDARD RANGE, UNDER WASHINGTON'S SENTENCING
10 REFORM ACT (REFORM ACT) BLAKELY-V-WASHINGTON FACTS
11 TRIGGERING A SENTENCE RANGE ELEVATION UNDER THE THEN
12 MANDATORY FEDERAL SENTENCING GUIDELINES. UNITED STATES-V-
13 BOOKER  BLAKELY AND BOOKER BEAR MOST CLOSELY TO
14 THE QUESTION PRESENTED HERE.
15
16 DEFENDANT/APPELLANT MOTIONS FOR THE FOLLOWING
17 SENTENCE CORRECTIONS:
18  1) THAT THE  10  YEAR ENHANCEMENT FOR THE USE OF
19 A FIREARM (WHICH IS AN ELEMENT OF ARMED ROBBERY)
20 BE REMOVED. RULE 4.420 (d), P.C 12022.5 (a)
21  (2) THAT THE UPPER TERM OF  5  YEARS BE REDUCED
22 TO THE MID TERM OF  3  YEARS AND ONLY ELEVATED
23 TO THE UPPER TERM IF APPROPRIATE AGGRAVATING FACT
24 EXIST ( RULE 4.420 (a), 4.405 (d) P.C 1170(b)
25  (3) THAT THE _____ USED TO ELEVATE MY SENTENCE
26 FROM THE STATUTORY MID TERM TO THE STATUTORY MAXIMUM
27                        12

1 AND THEN USE TO ENHANCE THE SENTENCE BEYOND THE
2 STATUTORY MAXIMUM BE LIMITED TO ONE OR THE OTHER
3 P.C 1170.1   , 1170(B)
4
5 4) IT IS FURTHER REQUESTED THAT THIS COURT
6 SEND A CORRECTED ADJUDICATED TRANSCRIPT, ORDER
7 AND SUMMARY TO DEFENDANT/ APPELLANT, AND THE
8 CALIFORNIA DEPARTMENT OF CORRECTIONS AND
9 REHABILITATIONS, AND CALIPATRIA STATE PRISON
10 FORTHWITH
11
12
13 5-30-08                      Nathan Clark
14 DATE                         PRO SE  PETITIONER
15
16
17
18
19
20
21
22
23
24
25
26
27                              13

1          COURT OF APPEAL OF THE STATE OF CALIFORNIA

2               SECOND APPELLATE DISTRICT

3

4

5   THE PEOPLE OF THE STATE OF CALIFORNIA,        )
                                                 )
6                              PLAINTIFF,         )
                                                 )
7              VS.                                )    SUPERIOR COURT
                                                 )    NO. YA022456
8   NATHAN ALLEN CLARK,                           )
                                                 )
9                              DEFENDANT.         )    DEC 14 1995
                                                 )

10     APPEAL FROM THE SUPERIOR COURT OF LOS ANGELES COUNTY

11        HONORABLE, WILLIAM HOLLINGSWORTH, JUDGE

12          REPORTER'S TRANSCRIPT ON APPEAL

13   APPEARANCES:
     FOR PLAINTIFF:                    STATE ATTORNEY GENERAL
14                                     BY:   DANIEL P. LUNDGREN
                                       300 SPRING STREET
15                                     LOS ANGELES, CALIFORNIA   90012

16

     FOR DEFENDANT:                    IN PROPRIA PERSONA
17

18   SUPPLEMENTAL VOLUME A
     PAGES 1 THROUGH 10 INCL.
19

20                          CATHERINE M. LADENHEIM, CSR #6130
                            OFFICIAL REPORTER
21

22

23

24

25
     COPY
26

27

28

16

```
 1    TORRANCE, CALIFORNIA, TUESDAY, AUGUST 8, 1995; A.M.

 2    DEPARTMENT NO.  C      HON. WILLIAM HOLLINGSWORTH, JUDGE

 3    APPEARANCES:

 4         THE DEFENDANT WITH HIS COUNSEL, RICHARD KIM DEPUTY

 5    PUBLIC DEFENDER; ALEXANDER M. KARKANEN, DEPUTY DISTRICT

 6    ATTORNEY OF LOS ANGELES COUNTY, REPRESENTING THE PEOPLE OF

 7    THE STATE OF CALIFORNIA.

 8         (CATHERINE M. LADENHEIM, OFFICIAL REPORTER.)

 9

10

11         THE COURT:  THIS IS PEOPLE VERSUS NATHAN ALLEN

12    CLARK.  THE DEFENDANT HAVING HERETOFORE BEEN FOUND GUILTY

13    OF SECTION 211 OF THE PENAL CODE, ROBBERY IN THE SECOND

14    DEGREE, AS SET FORTH IN COUNTS ONE AND TWO;

15              AND FURTHER BEEN FOUND GUILTY OF THE

16    VIOLATION OF SECTION 12021(A), EX-FELON WITH A GUN, AS SET

17    FORTH IN COUNT THREE AND THE ALLEGATION PURSUANT TO 12022.5

18    HAVING BEEN FOUND TO BE TRUE IN COUNTS ONE AND TWO AND

19    THAT'S AFTER A JURY TRIAL AND THE DEFENDANT HAVING

20    THEREAFTER ADMITTED THE PRIOR CONVICTION OF ROBBERY IN THE

21    SECOND DEGREE.

22              IT OCCURRED ON NOVEMBER 2ND, 1992, IN

23    BA023216.  AND THE MATTER'S SET FOR PROBATION AND

24    SENTENCING THIS DATE.  AND THAT ADMISSION WAS UNDER 667(B)

25    THROUGH I, 667(A)1 AND 667.5(B).  WAIVE FURTHER ARRAIGNMENT

26    FOR JUDGMENT?

27         MR. KIM:  YES.

28         THE COURT:  ANY LEGAL CAUSE WHY SENTENCE SHOULD
```

1    NOT NOW BE PRONOUNCED?

2          MR. KIM:  NO, SIR.

3          THE COURT:  OKAY.  I'VE READ THE PROBATION REPORT

4    AND THE SUPPLEMENT THERETO AND I'LL HEAR WHAT YOU HAVE TO

5    SAY.

6          MR. KARKANEN:  WHO WOULD YOU LIKE TO HEAR FROM

7    FIRST, YOUR HONOR?

8          THE COURT:  DEFENSE.

9          MR. KIM:  YOUR HONOR, I KNOW THE PROBATION OFFICER

10   IS RECOMMENDING THE MAXIMUM AND WE WOULD ASK THE COURT TO

11   CONSIDER NOT DOING THAT.  I THINK THE CASE IS WORTH

12   PROBABLY SOMEWHERE AROUND 16 YEARS --

13         THE COURT:  WHAT DID YOU JUST SAY?

14         MR. KIM:  I'M SORRY?

15         THE COURT:  I SAID, WHAT DID YOU JUST SAY?

16         MR. KIM:  I SAID THE CASE IS SOMEWHERE AROUND 16

17   YEARS TAKING INTO ACCOUNT MY CLIENT'S PRIOR CONVICTION, THE

18   NATURE OF THIS ROBBERY AS IT UNFOLDED IN TRIAL.  THE -- THE

19   STATEMENTS THAT I HEARD FROM THE WITNESSES BASED ON THAT,

20   BASED ON THE VIDEOTAPE THAT APPEARED TO BE INCONCLUSIVE AS

21   TO THE IDENTITY OF THE ROBBER WITH A GUN;

22              MY CLIENT'S OWN TESTIMONY AT TRIAL, HIS

23   ADMISSION OF HIS PRIOR, HIS ALIBI THAT HE WAS NOT AT THAT

24   LOCATION AT THAT TIME, THAT HE WAS IN THE WRONG PLACE, AT

25   THE WRONG PLACE AT THE WRONG TIME AND THEN, OF COURSE, I

26   THINK HIS PRIOR -- IT WAS THE ONLY FELONY PRIOR.

27              SO I WOULD ASK FOR A MIDTERM OF THREE

28   YEARS.  AND I WOULD ASK MIDTERM -- I BELIEVE IT'S FOUR

1   YEARS FOR THE GUN USE AND I THINK IF WE DO IT THAT WAY,

2   WE'LL GET SOMEWHERE AROUND 16 YEARS.

3           THE COURT:  I DON'T KNOW HOW YOU GET THE 16 YEARS.

4           MR. KIM:  WELL, LET'S DO THE MATH.

5           THE COURT:  THAT WOULD BE SEVEN TIMES TWO IS 14

6   AND THEN IS 667(A) WOULD MAKE IT 19.  THAT WOULD BE --

7           MR. KIM:  THEN WE'D BE ASKING --

8           THE COURT:  I DON'T KNOW HOW YOU GET TO 16.

9           MR. KIM:  THEN WE'D BE ASKING FOR LOW TERM.

10          THE COURT:  OH, OKAY, THAT'S IT.  I'M SAYING 16

11  YEARS, BALL PARK.  YOU KNOW, I'M NOT SAYING EXACTLY 16

12  YEARS, BUT THAT'S THE OFFER -- THAT WAS THE OFFER WHEN --

13  WELL, BEFORE WE WENT TO TRIAL AND I THINK THAT'S THE FAIR

14  SENTENCE FOR A CASE LIKE THIS.  SUBMITTED.

15          THE COURT:  HAVE YOU COMPUTED THE CREDITS?

16          MR. KARKANEN:  YOUR HONOR, WITH ALL DUE RESPECT TO

17  DEFENSE COUNSEL, I THOUGHT THAT THIS WAS A VERY SAVAGE TYPE

18  OF A CRIME.  IN FACT, WE WERE ALLOWED TO SEE ON IT

19  VIDEOTAPE.

20          ONE OF THE MOST TELLING THINGS ABOUT THE

21  DEFENDANT AND I THINK ONE OF THE MOST -- THE LARGEST REASON

22  THE PROBATION DEPARTMENT RECOMMENDS HIGH TERM IS THE FACT

23  THAT WE LOOK AT THE DEFENDANT'S HISTORY.

24          HE'S RELATIVELY YOUNG MAN WITH AN INCREDIBLE

25  HISTORY OF THEFT AND VIOLENCE RELATED OFFENSES.  THIS IS

26  HIS SECOND 211 AND HE HAS ONLY BEEN AN ADULT FOR A VERY

27  SHORT AMOUNT OF TIME.

28          THE COURT:  THE SECOND 211 SINCE HE'S BEEN AN

1    ADULT?

2          MR. KARKANEN:  CORRECT.

3          THE COURT:  211'S WHILE HE WAS A JUVENILE ALSO.

4          MR. KARKANEN:  WHICH WAS MY VERY NEXT POINT.  YOU

5    LOOK BACK TO WHEN HE WAS A LITTLE YOUNGER THAN 18.  HE HAS

6    A SUBSTANTIAL HISTORY OF VIOLENCE AND THEFT RELATED

7    OFFENSES.

8             THIS IS A MAN WHO IS OUT OF CONTROL, YOUR

9    HONOR, AND I DON'T SEE ANY REASON TO DISAGREE WITH THE

10    PROBATION DEPARTMENT WHEN THEY RECOMMEND THE HIGH TERM.

11          THE COURT:  OKAY.  LET ME ASK YOU THIS:  WHAT'S

12    YOUR FEELING ABOUT COUNT TWO?  AM I, ONE, OBLIGATED TO RUN

13    IT CONSECUTIVE OR CAN I RUN IT CONCURRENT?

14          MR. KARKANEN:  YOU CAN RUN IT CONCURRENT, BUT YOU

15    MAY RUN IT CONSEC.  MY RECOMMENDATION TO THE COURT IS THAT

16    YOU RUN COUNT ONE AND COUNT TWO CONSEC. AND IN COUNT THREE,

17    PENALTY CONCURRENT.  THAT, ACCORDING TO MY CALCULATIONS,

18    COME UP WITH 29 AND TWO-THIRDS.

19          THE COURT:  ALL RIGHT.  LET'S SEE -- YOU GOT --

20          MR. KARKANEN:  I GOT 5 TIMES 2 IS 10.  PLUS 10

21    MAKES 20 AND THEN FOR COUNT TWO, YOU HAVE ONE-THIRD OF THE

22    MID, TIMES 2 MAKES 22.

23          THE COURT:  ARE YOU SAYING THE GUN ALLEGATION

24    ISN'T DOUBLED?

25          MR. KARKANEN:  IT IS, BUT I'M DOING -- FOR THE

26    211, IT WOULD BE 3 -- ONE-THIRD OF 3 IS 1 TIMES 2 BECAUSE

27    THIS IS A SECOND STRIKE CASE, SO THAT MAKES PLUS 2.  IT'S

28    22.  AND FOR THE GUN, IT WOULD BE ONE-THIRD OF 4 WHICH IS

1   ONE AND ONE-THIRD TIMES 2 WHICH MAKES A RUNNING TOTAL OF 24

2   AND TWO-THIRDS.

3            ADD THE 667(A) WHICH IS PLUS THE 5 MAKES 29

4   AND TWO-THIRDS, 667.5 IS PLUS ZERO AT 654.  ALSO RUN THE

5   12021 WHICH IS COUNT THREE CONCURRENTLY RATHER THAN

6   CONSEC.

7            THESE ARE THE NUMBERS THAT I RAN OVER WITH

8   MR. KIM PRIOR TO YOUR TAKING THE BENCH AND ALTHOUGH HE

9   MIGHT NOT AGREE WITH MY RECOMMENDATION, HE AGREES THAT THIS

10  IS THE PROPER CALCULATION.

11           THE COURT:  OKAY.  HAVE YOU COMPUTED THE TIME

12  CREDITS?

13           MR. KIM:  YES, SIR.  225 ACTUAL DAYS, --

14           THE COURT:  ALL RIGHT.

15           MR. KIM:  MY CLIENT WITH THE COURT'S PERMISSION

16  WOULD LIKE TO ADDRESS THE COURT BEFORE SENTENCING.

17           THE COURT:  YES.

18           THE DEFENDANT:  UM, WELL, YOU'RE TRYING TO GIVE ME

19  29 YEARS, YOU KNOW.  I KNOW I'VE BEEN DOING WRONG THINGS IN

20  THE PAST.  I COMMITTED THINGS -- OR -- YOU SAYING IN MY

21  YOUNGEST YEARS, I DID A ROBBERY.

22           THAT ROBBERY RIGHT THERE, I DIDN'T REALLY

23  DO.  I HAD GANG CASES OF STEALING AND AT THE SAME TIME,

24  THEY GAVE ME A DEAL TO TAKE THIS AND THEY HAD DROPPED ALL

25  THIS JUST TO TAKE THE ROBBERY.

26           I GOT OLDER IN MY LIFE.  THIS OTHER

27  ROBBERY -- YOU KNOW WHAT I'M SAYING?  JUST BEEN HANGING

28  WITH THE WRONG PEOPLE.  I WAS THERE AT THE WRONG PLACE AT

1    THE WRONG TIME.

2            HE DECIDED TO ROB A PERSON AND I'M -- YOU

3    KNOW, SAYING CAUGHT UP IN IT, SO I TAKE TIME WITH THAT.

4    NOW, YOU KNOW, YOU CONVICT ME WITH ALL THIS TIME TRYING TO

5    SEND ME UP FOR 29 YEARS.

6            I'M 21 YEARS OLD, YOU KNOW, I WAS TRYING TO

7    GO TO COLLEGE OUT THERE, YOU KNOW, TRYING TO GET MY LIFE

8    STRAIGHT, YOU KNOW, AND I DIDN'T HAVE THE RIGHT GUIDANCE TO

9    REALLY KEEP MY MIND STRAIGHT UNTIL NOW.

10            NOW, I'M-- AS I'M BEING LOCKED UP NOW, I'M

11    STARTING TO LEARN MORE THINGS ABOUT LIFE, YOU KNOW, TAKING

12    THINGS MORE SERIOUSLY AND TAKING THINGS MORE HUMBLE

13    PERSPECTIVE AND BEEN LOCKED UP FOR 29 YEARS AND NEVER HAVE

14    A CHANCE TO REALLY ACHIEVE NOTHING, YOU KNOW, OR GET OUT AT

15    THE AGE OF 40 SOMETHING, YOU KNOW.

16            NOT REALLY HAVE NOTHING, YOU KNOW.  I FEEL

17    THAT IS A LITTLE TOO MUCH FOR A PERSON THAT WANTS TO

18    SUCCEED IN LIFE.

19        THE COURT:  ALL RIGHT.  ANYTHING ELSE?

20        THE DEFENDANT:  THAT'S IT RIGHT THERE.  I MEAN, I

21    DON'T GOT NOTHING ELSE TO SAY.

22        MR. KARKANEN:  SUBMITTED FROM THE PEOPLE.

23        THE COURT:  ALL RIGHT.  WELL, THE DEFENDANT ISN'T

24    ELIGIBLE FOR PROBATION AND EVEN IF HE WERE, I DON'T FIND

25    HE'S A SUITABLE CANDIDATE.  PROBATION IS DENIED.  I FIND

26    THE FOLLOWING CIRCUMSTANCES IN AGGRAVATION:

27            PLANNING AND SOPHISTICATION OF

28    PROFESSIONALISM WITH WHICH THE CRIME IS CARRIED OUT,

1    INDICATE PREMEDITATION.  THE DEFENDANT HAS ENGAGED IN A

2    PATTERN OF VIOLENT CONDUCT WHICH INDICATES A SERIOUS DANGER

3    TO SOCIETY.

4              THE DEFENDANT'S PRIOR CONVICTIONS AS AN

5    ADULT OR ADJUDICATIONS OR COMMISSIONS OF CRIME AS A

6    JUVENILE ARE NUMEROUS, ARE OF INCREASING SERIOUSNESS AND

7    DEFENDANT WAS ON PAROLE WHEN HE COMMITTED THIS CRIME.

8              I FIND NO CIRCUMSTANCES IN MITIGATION AND

9    THEREFORE I ADOPT THE HIGH TERM ON COUNT ONE.  I SENTENCE

10   THE DEFENDANT TO THE HIGH TERM OF FIVE YEARS IN STATE

11   PRISON.

12             THAT WILL BE THE BASE TERM AND I'LL IMPOSE

13   UNDER 12022.5, THE MIDTERM FOR THE USE ALLEGATION.  THAT

14   MAKES A TOTAL OF -- FIVE YEARS IS THE HIGH TERM ON THE

15   12020.5.  I'M IMPOSING THE MIDTERM.

16

17             (DISCUSSION HELD OFF THE RECORD.)

18

19             THE COURT:  AND THAT MAKES ON COUNT ONE, NINE

20   YEARS AND THAT WILL BE DOUBLE UNDER 667(B) THROUGH (I)

21   MAKING A TOTAL OF 18 YEARS ON COUNT ONE.

22             ON COUNT TWO, I SENTENCE THE DEFENDANT TO

23   THE MIDTERM OF THREE YEARS ON BASIC COUNT AND FOR FOUR

24   YEARS ON THE GUN ALLEGATION WHICH IS THE MIDTERM, TOTAL,

25   SEVEN YEARS.

26             I ORDER THAT IT RUN CONSECUTIVE.  SEPARATE

27   VICTIMS.  THAT WOULD MEAN HE SERVES ONE-THIRD OF THAT TERM

28   OR TWO YEARS, FOUR MONTHS AND PURSUANT TO 667(B) THROUGH

23

1    (I), THAT TOTALS FOUR YEARS, EIGHT MONTHS.

2              ON COUNT THREE, I'LL SENTENCE THE DEFENDANT

3    TO THE HIGH TERM OF THREE YEARS AND ORDER THAT IT RUN

4    CONCURRENT.

5              ON COUNTS ONE AND TWO, HIS SENTENCE IS NOW

6    20 -- 22 YEARS, EIGHT MONTHS, AND THAT WILL BE ENHANCED

7    PURSUANT TO 667(A) FOR AN ADDITIONAL FIVE YEARS, MAKING A

8    TOTAL OF 27 YEARS, EIGHT MONTHS.

9              THE ALLEGATION PURSUANT TO 667.5(B) IS

10   IMPOSED IN ONE YEAR AND THAT'S STAYED BECAUSE WE'RE USING

11   THE 667(A)1 ALLEGATION.  THE DEFENDANT WILL BE ENTITLED TO

12   CREDITS OF 225 ACTUAL AND 33 GOOD TIME/WORK TIME DAYS, A

13   TOTAL OF 258 DAYS.

14              MR. KIM:  SO WE HAVE A TOTAL OF 27 AND TWO-THIRDS

15   YEARS, YOUR HONOR?

16              THE COURT:  27 YEARS, EIGHT MONTHS.  WHEN YOU'RE

17   RELEASED FROM PRISON, YOU'LL BE PLACED ON PAROLE FOR A

18   PERIOD OF -- I THINK IT'S THREE YEARS, BUT IT COULD BE

19   LONGER.

20              AND IF YOU VIOLATE THE TERMS OF PAROLE, YOU

21   CAN GO BACK TO PRISON FOR EACH VIOLATION.  YOU HAVE A RIGHT

22   TO AN APPEAL IN THIS MATTER AND YOU CAN DO SO NOTIFYING THE

23   COURT IN WRITING BY 60 DAYS FROM TODAY'S DATE OF YOUR

24   INTENTION TO APPEAL.

25              IF YOU CAN'T AFFORD AN ATTORNEY FOR THE

26   PURPOSE OF APPEAL, ONE WILL BE APPOINTED TO REPRESENT YOU

27   FREE OF CHARGE.

28              MR. KARKANEN:  YOUR HONOR, YOU KNOW, I'M THINKING

1    THAT WE MIGHT HAVE DONE THAT SLIGHTLY IMPROPERLY.  I'M NOT

2    SURE THAT WE CAN DOUBLE THE ENHANCEMENT UNDER 667(B)

3    THROUGH (I).

4              I THINK THAT YOU CAN IMPOSE THE HIGH TERM ON

5    THE ENHANCEMENT AND GET ABOUT THE SAME AMOUNT OF YEARS, BUT

6    YOU CAN'T IMPOSE THE MIDTERM AND THEN DOUBLE IT.

7         THE COURT:  ARE YOU SURE?

8         MR. KARKANEN:  I DID CONSULT WITH OUR CALENDAR

9    DEPUTY HERE --

10        THE COURT:  OH, HOLD ON A MINUTE.

11        MR. KARKANEN:  AND NO, I'M NOT SURE, IS THE

12   ANSWER.

13        THE COURT:  ALL RIGHT.  I'LL HOLD -- THAT WILL BE

14   THE ORDER UNLESS I MODIFY IT DURING THE NOON -- I WILL HOLD

15   IT UNTIL 1:30 AND YOU CHECK ON IT.

16        MR. KARKANEN:  VERY GOOD.

17        THE COURT:  I KNOW THE 667(B) -- I KNOW "A" DOES

18   NOT GET DOUBLED.

19        MR. KARKANEN:  CORRECT.

20        THE COURT:  IT'S THE GUN USE -- I THINK IT'S

21   DOUBLED.

22        MR. KARKANEN:  I'LL DOUBLE CHECK.

23        THE COURT:  I'LL DOUBLE CHECK.

24        MR. KIM:  IS COUNSEL SAYING THAT THE USE

25   ALLEGATION FOR COUNT TWO CAN'T BE DOUBLED AFTER --

26        THE COURT:  NO.  HE IS SAYING EITHER ONE OF THEM.

27   YOU'RE SAYING UNDER 12022.5, NEITHER OF THEM CAN BE

28   DOUBLED.

1          MR. KARKANEN:  I'M NOT SURE.

2          MR. KIM:  YOU'RE NOT SURE WHAT YOU'RE SAYING?

3          MR. KARKANEN:  I WANT TO MAKE SURE THAT WE DO THIS

4    PROPERLY AND THERE'S SOME DOUBT THAT THIS WOULD BE A LEGAL

5    SENTENCE AND I HATE TO HAVE IT COME BACK.

6          MR. KIM:  OH, YEAH.  I DON'T WANT TO EITHER.  MY

7    UNDERSTANDING IS THE 12022.5 WOULD BE DOUBLED.  I CAN'T

8    TELL YOU THAT.  THAT WAS MY UNDERSTANDING.

9          MR. KARKANEN:  OKAY.  I'D APPRECIATE IT IF WE

10   COULD HOLD THAT UNTIL 1:30.  THANK YOU, YOUR HONOR.

11         THE COURT:  WE'LL HOLD IT UNTIL 1:30.

12

13              (PROCEEDINGS CONCLUDED.)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2              FOR THE COUNTY OF LOS ANGELES

3    DEPARTMENT C        HON. WILLIAM HOLLINGSWORTH, JR., JUDGE

4

5    THE PEOPLE OF THE STATE OF CALIFORNIA,      )
                                                 )
6                              PLAINTIFF,        )
                                                 )
7                        VS.                     )  NO. YA022456
     NATHAN ALLEN CLARK,                         )  REPORTER'S
8                                                )  CERTIFICATE
                               DEFENDANT.        )
9    _____)

10

11   STATE OF CALIFORNIA        )

12                             ) SS

13   COUNTY OF LOS ANGELES      )

14

15          I, CATHERINE M. LADENHEIM, OFFICIAL REPORTER OF THE

16   SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY

17   OF LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING PAGES

18   1 THROUGH 10 COMPRISE A FULL, TRUE AND CORRECT TRANSCRIPT

19   OF THE PROCEEDINGS AND TESTIMONY TAKEN IN THE MATTER OF THE

20   ABOVE-ENTITLED CAUSE ON AUGUST 8, 1995.

21                    DATED THIS 24TH DAY OF OCTOBER, 1995.

22

23

24          _____
            CATHERINE M. LADENHEIM, CSR #6130
25          OFFICIAL REPORTER

26

27

28

27

1          TORRANCE, CALIFORNIA;  TUESDAY, AUGUST 8, 1995;

2                        3:28 P.M.

3     DEPARTMENT SW "C"        HON. WM. R. HOLLINGSWORTH, JR., JUDGE

4

5     APPEARANCES:

6          THE DEFENDANT WITH HIS COUNSEL, RICHARD KIM, DEPUTY

7     PUBLIC DEFENDER OF LOS ANGELES COUNTY;  ALEXANDER M.

8     KARKANEN, DEPUTY DISTRICT ATTORNEY OF LOS ANGELES COUNTY

9     REPRESENTING THE PEOPLE OF THE STATE OF CALIFORNIA.

10

11              (JUDITH M. SMITH, OFFICIAL REPORTER.)

12

13

14

15

16          THE COURT:      THIS WAS PUT OVER TO THIS AFTERNOON

17     FOR FURTHER CONSIDERATION ON SENTENCING BASED ON THE QUESTION

18     OF WHETHER THE ENHANCEMENT PROVISIONS UNDER 12022.5 SHOULD BE

19     DOUBLED OR NOT.

20              I BELIEVED IT CAN BE DOUBLED.  AND I HAD READ

21     SOME CASES SINCE THEN, AND CONCLUDE THAT I CAN'T DOUBLE

22     THEM.

23              ANYBODY QUARREL WITH THAT CONCLUSION AT THIS

24     POINT?

25          MR. KARKANEN:      NO, YOUR HONOR.

26          THE COURT:      SO I'M STRIKING THE PRIOR SENTENCING

27     AND I'M GOING TO--  TO COMMENCE THE SENTENCING AGAIN BASED ON

28     THAT INFORMATION.

28

1          WHAT WAS THE TOTAL I GOT TO UNDER THE--

2          MR. KARKANEN:       YES.  YOU SAID TWENTY-SEVEN AND

3     EIGHT MONTHS.

4          THE CLERK:       I THOUGHT YOU HAD TWENTY-FOUR

5     SOMETHING.

6          THE COURT:       I THOUGHT IT WAS--

7          THE CLERK:       OH, YES, IT WAS TWENTY-SEVEN.  IT WAS

8     TWENTY-SEVEN.

9          THE COURT:       ALL RIGHT.

10              IT WAS TWENTY-SEVEN AND EIGHT MONTHS;

11              WASN'T IT?

12         MR. KARKANEN:       YES, SIR.

13         MR. KIM:       YES.

14         THE COURT:       ALL RIGHT.

15              ON COUNT I, I'LL MAKE THE BASE TERM AS

16    INDICATED.  I'LL SENTENCE HIM TO THE HIGH TERM OF FIVE

17    YEARS.  AND THAT WILL BE DOUBLED, MAKING IT TEN YEARS ON THE

18    BASE.

19              AND I'M NOW GOING TO ADOPT THE HIGH TERM ON

20    12022.5, THE GUN USE, TO MAKE IT A TOTAL OF, ON COUNT I, OF

21    TWENTY YEARS.

22         THE CLERK:       .5(A).

23         THE COURT:       12022.5(A).

24              ON COUNT II--

25         THE CLERK:       SO YOU CAN DOUBLE THAT ONE?

26         THE COURT:       PARDON?

27              I DIDN'T DOUBLE IT.  THAT'S THE HIGH TERM.

28         THE CLERK:       HIGH TERM IS WHAT?

29

1        THE COURT:    TEN YEARS.

2        MR. KIM:    YOU'RE GOING TO GO FROM DOUBLING THE

3  MID-TERM TO JUST IMPOSING THE HIGH TERM, WHICH IS TWO YEARS

4  MORE?

5        THE COURT:    YES.

6        MR. KIM:    WE WOULD ACTUALLY PREFER THE ILLEGAL

7  SENTENCE.

8        THE COURT:    WELL, IT COMES OUT TO LESS AT THE END,

9  BUT ONLY BY FOUR MONTHS.

10       THE CLERK:    THE HIGH TERM OF 12022.5(A)--

11       THE COURT:    IS TEN YEARS.

12       THE CLERK:    --IS TEN YEARS?

13       THE COURT:    YES.

14           AND ON COUNT II, THEN, I SENTENCE THE DEFENDANT

15  TO THE MID-TERM OF THREE YEARS IN STATE PRISON.

16           AND I DOUBLE IT UNDER 667(B) THROUGH (I),

17  MAKING A TOTAL OF SIX YEARS.

18           AND BECAUSE I'M ORDERING THAT IT BE SERVED

19  CONSECUTIVELY BECAUSE IT'S A SEPARATE VICTIM, THAT WOULD--

20  HE'D ACTUALLY SERVE, ON THAT, TWO YEARS.

21           AND THAT WOULD BE ENHANCED BY THE 12022.5

22  ALLEGATION--

23       THE CLERK:    SO THAT WOULD BE MID OF FOUR?

24       THE COURT:    --FOR THE MID-TERM OF FOUR YEARS.

25       THE CLERK:    ALL RIGHT.

26       THE COURT:    AND BECAUSE HE IS TO SERVE ONE-THIRD

27  OF THAT, IT WOULD BE ONE YEAR, FOUR MONTHS, THAT MAKES A

28  TOTAL OF TWENTY-THREE YEARS, FOUR MONTHS, TO WHICH I ADD AN

1    ADDITIONAL FIVE YEARS UNDER 667.--  NO.  --667(A)(1), IT'S

2    667(A)(1), MAKING A GRAND TOTAL OF TWENTY-EIGHT YEARS, FOUR

3    MONTHS.

4        MR. KIM:    HOW THAT IS LESS THAN TWENTY-SEVEN?

5        THE COURT:    PARDON?

6        MR. KIM:    HOW IS THAT LESS THAN TWENTY-SEVEN YEARS

7    AND EIGHT MONTHS?

8        MR. KARKANEN:    IT'S FOUR MONTHS OFF, I THINK IS

9    WHAT HE SAID.  FOUR MONTHS' DIFFERENCE.

10       MR. KIM:    WE'LL TAKE THE ILLEGAL SENTENCE, YOUR

11   HONOR.

12       THE COURT:    WAIT A MINUTE.  I DIDN'T WANT TO DO

13   THAT.  I MIS-ADDED SOME WAY.

14            YOU TOLD ME THE PRIOR ONE WAS--

15            HOW MUCH DID IT COME TO?  TWENTY-EIGHT?

16       MR. KARKANEN:    YOUR HONOR--

17       THE COURT:    TWENTY-SEVEN POINT EIGHT?

18       MR. KARKANEN:    YOU CAN RUN THE SECOND 12022.5

19   CONCURRENT, INSTEAD OF CONSECUTIVE.  THAT WILL GET YOU TO

20   TWENTY-SEVEN.

21       THE COURT:    YES.

22            ALL RIGHT.

23            I'LL STAY THE SENTENCE ON 12022.5.

24       THE CLERK:    THE ONE YEAR, FOUR MONTHS?

25       THE COURT:    YES.

26            AND THEN IMPOSE THE FIVE YEARS.

27            AND THAT MAKES A GRAND TOTAL OF TWENTY-SEVEN

28   YEARS.

31

1          MR. KARKANEN:        YES, SIR.

2          THE COURT:        SO THE DEFENDANT PICKED UP EIGHT

3    MONTHS ON THAT.

4          MR. KIM:        CAN WE STAY THE FIRST USE ALLEGATION,

5    TOO?

6          THE CLERK:        SO HE GETS TWENTY ON THE FIRST COUNT?

7    HE GETS TWO YEARS ON THE SECOND COUNT?

8          THE COURT:        RIGHT.

9          THE CLERK:        AND FIVE YEARS FOR THE 667(A)?

10              NOW, WE NEED TO SENTENCE ON COUNT III.

11          THE COURT:        ALL RIGHT.

12              THEN, ON COUNT III, I'LL SENTENCE HIM TO THE

13    HIGH TERM OF THREE YEARS, AND ORDER THAT IT RUN CONCURRENT.

14              AND THE CREDITS, DO YOU NEED THAT AGAIN?

15          THE CLERK:        NO.

16          MR. KIM:        NO.  IT'S TWO HUNDRED AND TWENTY-FIVE

17    ACTUAL.

18          THE COURT:        THE DEFENDANT'S CREDITS ARE GOING TO

19    BE TWO HUNDRED AND FIFTY-EIGHT DAYS;  TWO HUNDRED AND

20    TWENTY-FIVE ACTUAL, AND THIRTY THREE GOOD TIME/WORK TIME

21    DAYS.

22          THE CLERK:        OKAY.

23          MR. KIM:        WAIT.  WAIT.  WAIT.  ONLY THAT SMALL

24    AMOUNT OF GOOD TIME/WORK TIME?

25          THE COURT:        FIFTEEN PERCENT.

26          MR. KIM:        OH, YEAH.  I FORGOT.  I KEEP FORGETTING,

27    YOUR HONOR.

28          THE COURT:        OKAY.

1                    THAT WILL BE THE ORDER.

2          MR. KARKANEN:        THANK YOU, YOUR HONOR.

3          MR. KIM:      THANK YOU.

4

5

6                    (PROCEEDINGS CONCLUDED.)

7                         -0O0-

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

serious felony under Penal Code section 667, subdivision (a)(1).[4]

# DISCUSSION

**1.** *Penal Code section 654 does not require the term imposed for the Penal Code section 12021, subdivision (a)(1), offense be stayed.*

The leading case on this issue is *People* v. *Bradford* (1976) 17 Cal.3d 8. In *Bradford*, the defendant was convicted of assault with a deadly weapon upon a peace officer by the use of a firearm, exhibiting a firearm and possession of a concealed firearm by an ex-felon (former Pen. Code, § 12021).[5] Appellant and his accomplice committed robbery and fled. A Highway Patrol Officer, Officer Patrick, stopped the defendant and his accomplice in a car while they were still in Ventura County. Defendant wrestled the officer's gun from him, shot at the officer and fled again. In Los Angeles County, during the car chase, defendant shot at other police officers before he was apprehended. The court stated Penal Code section 654 applied since the evidence showed possession only in conjunction with the primary offense. The court concluded: "Defendant's possession of



[4]    Depicted graphically, the court's sentence for appellant was as follows:

| Count | Offense | Term | 2nd Strike | 12022.5 | Total |
|---|---|---|---|---|---|
| 1 | Robbery | <Upper 5> | 10 | Upper 10 | 20 years |
| 2 | Robbery | <Middle 3> | (1/3 (6)) 2 yrs. cs. | (1/3(4)) 16 months stayed | 2 years (16 months) |
| 3 | 12021a1 | <Upper 3> | 6 yrs cc. | | 6 years cc. |
| 667a1 | | <5 yrs> | 5 yrs cs. | | 5 years |
| 667.5 | | <1 yr> | 1 yr stayed | | (1 yr) |
| | | | | | 27 years |

[5]    Penal Code section 12021 has since been amended to punish the mere possession of a firearm by a convicted felon.

14

authority to strike under Penal Code section 1385. No remand is required. (*People* v.

*Rocha* (Aug. 19, 1996, B095130 [2d Dist, Div. 7]) 48 Cal.App.4th 1060, 1072, fn. 7.)

## DISPOSITION

The judgment is modified to strike term imposed for the Penal Code section 667.5, subdivision (b), finding appellant had a prior felony conviction for which he had served a prior prison term. The judgment is also modified to reinstate the term the court stayed for the Penal Code section 12022.5, subdivision (a), firearm use enhancement in count 2. The subordinate term imposed for the robbery in count 2 should be 3 years four months, consisting of 2 years for the robbery and 16 months for the firearm use enhancement. The aggregate term in state prison is increased to 28 years four months. As modified, the judgment is affirmed.[7]

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

WOODS, J.

I concur:

LILLIE, P.J.

[7]  The sentence should be modified as follows:

| Count | Offense | Term | 2nd Strike | 12022.5 | Total |
|-------|---------|------|-----------|---------|-------|
| 1 | Robbery | <Upper 5> | 10yrs | Upper 10 | 20 years |
| 2 | Robbery | <Middle 3> | (1/3 (6)) 2 cs. | (1/3(4)) 16 months | 3 yrs 4 mo |
| 3 | d2021a1 | <Upper 3> | 6yrs cc. | | 6 years cc. |
| 667a1 | | <5 yrs> | 5yrs cs. | | 5 years |
| 667.5 | | <1 yr> | Stricken | | |
| | | | | | 28 yrs 4 mo |

11

15

(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☒ Yes    ☐ No

c.  Ground three: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes    ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes    ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes    ☐ No

d.  Ground four: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes    ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes    ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes    ☐ No

e.  Ground five: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes    ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes    ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes    ☐ No

8. If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: _____

_____

_____

9. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?

☒ Yes    ☐ No

If so, give the following information for each such petition (use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available):

a. (1) Name of court: ___9TH DISTRICT_____

   (2) Case number: _____

   (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): _____

   (4) Grounds raised (list each):

   (a) ROMERO ISSUE, WHEATHER THE CASE SHOULD BE
   (b) REMANDED TO SENTENCE COURT TO RESOLVE ISSUE REGARDING
   (c) THE APPLICATION OF 654
   (d) _____
   (e) _____
   (f) _____

   (5) Date of decision: _____

   (6) Result    DENIED_____

   (7) Was an evidentiary hearing held?    ☐ Yes   ☒ No

b. (1) Name of court: _____

   (2) Case number: _____

   (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): _____

   (4) Grounds raised (list each):

   (a) _____
   (b) _____
   (c) _____
   (d) _____
   (e) _____
   (f) _____

   (5) Date of decision: _____

   (6) Result _____

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)

(7) Was an evidentiary hearing held?      ☐ Yes  ☐ No

10. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect
   to this judgment of conviction?      ☐ Yes  ☒ No

   If so, give the following information *(and attach a copy of the petition if available)*:

   (1) Name of court: _____

   (2) Case number: _____

   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

   (4) Grounds raised *(list each)*:

       (a)  _____

       (b)  _____

       (c)  _____

       (d)  _____

       (e)  _____

       (f)  _____

11. Are you presently represented by counsel?      ☐ Yes  ☒ No

   If so, provide name, address and telephone number: _____

   _____

   _____


WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding,


_____
*Signature of Attorney (if any)*


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.


Executed on   5-30-08          *Nathan Clark*
              *Date*                    *Signature of Petitioner*

NATHAN CLARK
_____
Petitioner

L'E SCRIBINER
_____
Respondent(s)

**DECLARATION IN SUPPORT**
**OF REQUEST**
**TO PROCEED**
**IN FORMA PAUPERIS**

I, __NATHAN CLARK__, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed? ☐ Yes ☒ No

   a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. _____

   b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. __6 - 3 - 06__        $15⁰⁰  A MONTH

2. Have you received, within the past twelve months, any money from any of the following sources?

   a. Business, profession or form of self-employment?    ☐ Yes ☒ No
   b. Rent payments, interest or dividends?    ☐ Yes ☒ No
   c. Pensions, annuities or life insurance payments?    ☐ Yes ☒ No
   d. Gifts or inheritances?    ☒ Yes ☐ No
   e. Any other sources?    ☐ Yes ☒ No

   If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months: __$100⁰⁰ FROM MOTHER FOR XMAS, 50⁰⁰ FROM SISTER FOR XMAS, $50 FROM GRANDMOTHER FOR XMAS__

3. Do you own any cash, or do you have money in a checking or savings account? *(Include any funds in prison accounts)*

   ☐ Yes ☒ No

   If the answer is yes, state the total value of the items owned: _____
   _____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property? *(Excluding ordinary household furnishings and clothing)* ☐ Yes ☒ No

If the answer is yes, describe the property and state its approximate value: _____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: _____

_____

_____

I, declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
               *Date*                          *Signature of Petitioner*

## CERTIFICATE

I hereby certify that the Petitioner herein has the sum of $ **86.30** _____ on account to his credit at the **CALIPATRIA STATE PRISON** _____ institution where he is confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said institution: _____

_____

_____

**5-22-08**                               K. McElroy   cc1
_____                     _____
      *Date*                         *Authorized Officer of Institution/Title of Officer*

---

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8  Los Angeles, CA  90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**SHERRI R. CARTER**
District Court Executive
and Clerk of Court

Wednesday, June 04, 2008

**NATHAN CLARK**
**CDC#H57779**
**P. O. BOX 5004**
**CALIPATRIA, CA 92233**

Dear Sir/Madam:

A ☒ Petition for Writ of Habeas Corpus was filed today on your behalf and assigned civil case number CV08- 3634 ODW (CW)

A ☐ Motion pursuant to Title 28, United States Code, Section 2255, was filed today in criminal case number _____ and also assigned the civil case number _____

Please refer to these case numbers in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:

☐ District Court Judge _____

☒ Magistrate Judge _____ **Carla Woehrle** _____

at the following address:

☒ U.S. District Court
312 N. Spring Street
Civil Section, Room G-8
Los Angeles, CA  90012

☐ Ronald Reagan Federal
Building and U.S. Courthouse
411 West Fourth St., Suite 1053
Santa Ana, CA  92701-4516
(714) 338-4750

☐ U.S. District Court
3470 Twelfth Street
Room 134
Riverside, CA 92501

The Court must be notified within fifteen (15) days of any address change.  If mail directed to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the case with or without prejudice for want of prosecution.

Very truly yours,

Clerk, U.S. District Court

CSAWYER
By: _____
Deputy Clerk

CV-17 (01/01)        **LETTER re FILING H/C PETITION or 28/2255 MOTION**